McGREGOR W. SCOTT
United States Attorney
KRISTI C. KAPETAN
Assistant U.S. Attorney
3654 Federal Building
1130 O Street
Fresno, California 93721
Telephone: (559) 498-7440

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED IN FRESNO COUNTY, COMMONLY KNOWN AS 3145 WEST FLORADORA AVENUE, FRESNO, CALIFORNIA; APN: 449-090-64; Including Appurtenances and Improvements Thereto; and<br><br>SUB RES IN THE AMOUNT OF $66,692.63 IN LIEU OF REAL PROPERTY LOCATED IN FRESNO COUNTY, COMMONLY KNOWN AS 4127 WEST HARVARD AVENUE, FRESNO, CALIFORNIA; APN: 312-555-10;<br><br>           Defendants. | CIV-F-04-5317 OWW LJO<br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against real property located at 3145 West Floradora Avenue, Fresno, California, APN: 449-090-64 together with all appurtenances and improvements thereto, more particularly described in Exhibit A attached hereto and a sub res in the amount of $66,692.63 in lieu of the real property located at 4127 West Harvard Avenue, Fresno, California,

APN: 312-555-10.[1] (hereinafter referred to as the "defendant properties").

2. A Complaint for Forfeiture In Rem was filed on February 18, 2004, seeking the forfeiture of the defendant properties, alleging that said properties are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7). An Amended Complaint for Forfeiture In Rem was filed on March 26, 2004, seeking the forfeiture of the defendant properties, alleging that said properties are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7). The Amended Complaint did not seek the forfeiture of the real property located at 2588 South Sierra Vista Avenue, Fresno, California.

3. On or about March 10, 2004, the defendant sub res in the amount of $66,692.63 in lieu of the real property located at 4127 West Harvard Avenue, Fresno, California, APN: 312-555-10 was seized pursuant to a seizure warrant issued March 9, 2004. On or about April 14, 2004, the defendant real property located at 3145 West Floradora Avenue was posted with a copy of the complaint and notice of complaint.

4. On April 30, 2004, a Notice of Complaint For Forfeiture of defendant real and personal property appeared by publication in <u>The Business Journal</u>, a newspaper of general circulation in the county in which defendant real property is located and the defendant sub res was seized (Fresno County).

5. In addition to the Public Notice of Posting and Arrest having been completed, actual notice was acknowledged by the following:

    a. Dominic Ducas

    b. Abram Ducas

    c. Kathleen Ducas

    d. Brandy Manzanedo

    e. American Contractors Indemnity Company

6. Dominic Ducas, Abram Ducas, Kathleen Ducas and Brandy Manzanedo have filed

---

[1] At the time of filing the original complaint, the Harvard property was in escrow. Escrow was allowed to close with the proceeds to be held by the United States Marshal until the final judgment in this action.

claims and answers.

7. No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

9. Claimants Dominic Ducas, Abram Ducas, Kathleen Ducas and Brandy Manzanedo (hereinafter "claimants") agree to pay to the United States the sum of $105,692.63 within sixty (60) days from the date of entry of the Final Judgment of Forfeiture herein. Claimants agree that the government shall forfeit the $66,692.63 in lieu of the real property located at 4127 West Harvard Avenue, Fresno, California, APN: 312-555-10 and that claimants shall pay the government $39,000.00 in lieu of the real property located at 3145 West Floradora Avenue, Fresno, California, APN: 449-090-64 within sixty (60) days from the date of entry of the Final Judgment of Forfeiture herein for a total payment of $105,692.63. Claimants shall send a cashiers check made payable to the U.S. Marshals Service in the amount of $39,000.00 to the U.S. Attorney's Office, Attention: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, California 95814. Said $105,692.63 shall be substituted as the res herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law. Upon payment of the sub res, the United States agrees to forego any further action against the real property located at 3145 West Floradora Avenue, Fresno, California, APN: 449-090-64 based on the facts alleged in the Complaint.

10. In the event the payment of $39,000.00 is not made within sixty (60) days from the date of entry of the Final Judgment of Forfeiture, as provided in paragraph 9 above, the parties agree as follows:

    a. On or after the 60th day from the date of entry of the Final Judgment of Forfeiture, all right, title, and interest in the defendant real property located at 3145 West

Floradora Avenue, Fresno, California, APN: 449-090-64, shall be forfeited to the United States, pursuant to 21 U.S.C. § 881(a)(7) to be disposed of according to law.

      b. The U.S. Marshals Service shall list the defendant real property for sale with a licensed real estate broker or by any other commercially reasonable means. The U.S. Marshals Service shall have sole authority to handle the marketing and sale of the defendant real property.

      c. The U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

      d. If necessary, the U.S. Marshals Service, and the real estate broker or designee of the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

      e. The following costs and expenses shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        (1) The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, advertising, and maintenance.

        (2) To American Contractors Indemnity Company, any and all amounts owed pursuant to the deed of trust dated December 9, 2003, and recorded on January 6, 2004 as instrument number 2004003479 and the deed of trust dated December 9, 2003, and recorded on January 6, 2004 as instrument number 2004003480.

        (3) Any unpaid real property taxes, which shall be prorated as of the date of entry of the Final Judgment of Forfeiture.

        (4) A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

        (5) The seller shall pay any county transfer taxes.

        (6) To the United States of America, the sum of $39,000.00. This sum

|   |   |
|---|---|
| 1 | shall be substituted as the res in this forfeiture action, and shall be |
| 2 | forfeited to the United States, to be disposed of according to law. |
| 3 | (7)   To claimants Dominic Ducas, Kathleen Ducas and Abram Ducas |
| 4 | through their attorney Brenda Grantland at 20 Sunnyside Suite A- |
| 5 | 204, Mill Valley, California 94941, all amounts remaining after the |
| 6 | above disbursements. |

   f. Any liens or encumbrances against defendant real property that appear on record subsequent to recording of plaintiff's Lis Pendens on February 18, 2004, and prior to entry of the Final Judgment of Forfeiture herein may be paid out of escrow.  The full amount paid under this provision shall be deducted from the amount to be paid out of escrow to claimants Dominic Ducas, Kathleen Ducas and Abram Ducas pursuant to ¶ 10(e)(7), above.

   g. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

   h. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

   i. Each party to this stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

   11. Upon payment of the $39,000.00 sub res, the United States shall send a Withdrawal of Lis Pendens for the defendant real property located at 3145 West Floradora Avenue, Fresno, California, APN: 449-090-64 to the Fresno County Recorder for recording.

   12. All parties to this stipulation hereby release plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the posting/seizure, forfeiture, or sale, of defendant properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting/seizure, forfeiture, or sale, as well as to those now known or disclosed.  The parties to this stipulation waive the provisions of California Civil Code §1542.

   13. Claimants Dominic Ducas, Kathleen Ducas, Abram Ducas and Brandy Manzanedo

shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until they have paid the $39,000.00 payment, or until they have vacated the premises. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

14. Until they have paid the $39,000.00 payment, claimants Dominic Ducas, Kathleen Ducas, Abram Ducas and Brandy Manzanedo shall maintain any and all loan payments and insurance policies currently in effect with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property. Claimants Dominic Ducas, Kathleen Ducas, Abram Ducas and Brandy Manzanedo shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the secondary beneficiary of the insurance policy.

15. Until they have paid the $39,000.00, claimants Dominic Ducas, Kathleen Ducas, Abram Ducas and Brandy Manzanedo shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

16. Until claimants have paid the $39,000.00 in full, claimants Dominic Ducas, Kathleen Ducas, Abram Ducas and Brandy Manzanedo shall not convey, transfer, encumber, lien, or otherwise pledge defendant real property without the prior, written approval of the United States.

17. Claimants Dominic Ducas, Kathleen Ducas, Abram Ducas and Brandy Manzanedo shall vacate defendant real property within thirty (30) days of their receipt of notice that the defendant real property has been placed on the market. Claimants further shall remove all of their personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimants' personal possessions, and the

personal possessions of any former occupant, not removed within thirty (30) days of their receipt of notice that the defendant real property has been placed on the market will be disposed of by the United States without further notice.  Neither the Claimants nor any occupant shall remove any fixtures from the property.  The failure to comply with this paragraph may result in sanctions, including contempt of court.

18. There was reasonable cause for the posting of defendant real property located at 3145 West Floradora Avenue, Fresno, California, APN: 449-090-64 and arrest of the $66,692.63 in lieu of the real property located at 4127 West Harvard Avenue, Fresno, California, APN: 312-555-10, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

19. All parties are to bear their own costs and attorneys' fees.

SO ORDERED THIS __9TH__ day of ___May_____, 2005.

/s/ OLIVER W. WANGER
_____
OLIVER W. WANGER
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture In Rem and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of defendant real property located at 4127 West Harvard Avenue, Fresno, California, APN: 312-555-10 and arrest of the $66,692.63 in lieu of the real property located at 4127 West Harvard Avenue, Fresno, California, APN: 312-555-10.

DATED___May 9, 2005__                    /s/ OLIVER W. WANGER_____
                                         OLIVER W. WANGER
                                         United States District Judge

**Exhibit A**
**Property Description**
(Real Property located at 3145 West Floradora Avenue, Fresno, California,)

Parcel 2 and the East 11.00 feet of Parcel 1 of parcel Map No. 2018, in the County of Fresno, State of California, according to the map thereof recorded in Book 13, Page 14, of Parcel Maps, Fresno County Records.  EXCEPTING THEREFROM a portion of said Parcel 2 described as follows: BEGINNING at the Northwest corner of said Parcel 2; Thence South 89°37;25: East along the North line of said Parcel 2, a distance of 145.00 feet to the Northwest corner or Parcel 1 of said Parcel Map No. 2018; Then South 00°37'22" East along the West line of said parcel 1, a distance of 101.00 feet to the Southwest corner of said Parcel 1;  The South 89°37'25" East along the South line of said parcel 1, a distance of 106.00 feet to the intersection with a line that is parallel with and 11.00 feet West of the East line of said Parcel 1; Then South 00°37'22" West along the prolongation of the last mentioned line in a distance of 43.30 feet; Thence North 89°33'19" West a distance of 250.59 feet to a point on the West line of said Parcel 2 that is 144.00 feet South of the Northwest corner of said Parcel 2; Thence North 00°27'32" East along the West line of said Parcel 2, a distance of 144.00 feet to the point of beginning.

APN: 449-090-64